B 1 (Official Form 1) (1/08)

| United States Bankruptcy Court<br>District of Minnesota | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**ANDERSON, TIMOTHY, G** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**LINDBERG, CHARLENE, M** |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**ASF VALLEYVIEW DEVELOPMENT LLC** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**ASF HEARTLIGHT CHIROPRACTIC PA** |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN(if more than one, state all): **6760** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN(if more than one, state all): **2559** |
| Street Address of Debtor (No. & Street, City, and State):<br>**7264 LAKE RIDGE DRIVE**<br>**SAVAGE, MN**      ZIP CODE **55378** | Street Address of Joint Debtor (No. & Street, City, and State):<br>**7264 LAKE RIDGE DRIVE**<br>**SAVAGE, MN**      ZIP CODE **55378** |
| County of Residence or of the Principal Place of Business:<br>**SCOTT** | County of Residence or of the Principal Place of Business:<br>**SCOTT** |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

**Type of Debtor**
(Form of Organization)
(Check one box.)

- [x] Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- [ ] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

_____

**Nature of Business**
(Check one box)

- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [ ] Other

**Tax-Exempt Entity**
(Check box, if applicable)

- [ ] Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code.)

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)

- [ ] Chapter 7
- [ ] Chapter 9
- [x] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box)

- [x] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or house-hold purpose."
- [ ] Debts are primarily business debts.

**Filing Fee** (Check one box)

- [x] Full Filing Fee attached
- [ ] Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b) See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

**Check one box:**
- [ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- [x] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

**Check if:**
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Check all applicable boxes**
- [ ] A plan is being filed with this petition
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information** | THIS SPACE IS FOR COURT USE ONLY
- [ ] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [x] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

**Estimated Number of Creditors**

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

**Estimated Assets**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

**Estimated Liabilities**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] |

| **Voluntary Petition** *(This page must be completed and filed in every case)* | Name of Debtor(s): **TIMOTHY G ANDERSON, CHARLENE M LINDBERG** |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location Where Filed: **NONE** | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor: **NONE** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts) I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | X _____  **3/10/2009** Signature of Attorney for Debtor(s)          Date **JOHN A HEDBACK**                **142438** |

| **Exhibit C** |
|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety? ☐ Yes, and Exhibit C is attached and made a part of this petition. ☑ No |

| **Exhibit D** |
|---|
| (To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.) ☑ Exhibit D completed and signed by the debtor is attached and made a part of this petition. If this is a joint petition: ☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition. |

| **Information Regarding the Debtor - Venue** (Check any applicable box) |
|---|
| ☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District. |
| ☐ There is a bankruptcy case concerning debtor's affiliate. general partner, or partnership pending in this District. |
| ☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District. or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| **Certification by a Debtor Who Resides as a Tenant of Residential Property** (Check all applicable boxes.) |
|---|
| ☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following). _____ (Name of landlord that obtained judgment) _____ (Address of landlord) |
| ☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and |
| ☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition. |
| ☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)). |

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | **Name of Debtor(s):**<br>**TIMOTHY G ANDERSON, CHARLENE M<br>LINDBERG** |
|---|---|

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **s/ TIMOTHY G ANDERSON**
Signature of Debtor    **TIMOTHY G ANDERSON**

X **s/ CHARLENE M LINDBERG**
Signature of Joint Debtor   **CHARLENE M LINDBERG**

Telephone Number (If not represented by attorney)

**3/10/2009**
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐   I request relief in accordance with chapter 15 of Title 11, United States Code. Certified Copies of the documents required by § 1515 of title 11 are attached.

☐   Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the Chapter of title 11 specified in the petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X **Not Applicable**
(Signature of Foreign Representative)

(Printed Name of Foreign Representative)

Date

### Signature of Attorney

X _____
Signature of Attorney for Debtor(s)

**JOHN A HEDBACK  Bar No.  142438**
Printed Name of Attorney for Debtor(s) / Bar No.

**HEDBACK ARENDT, KOHL & CARLSON PLLC**
Firm Name

**SUITE 201 ANTHONY PLACE 2855 ANTHONY LN S**

Address

**ST ANTHONY MN 55418**

**612-436-3280**      **612-789-2109**
Telephone Number

**3/10/2009**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Non-Attorney Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

**Not Applicable**
Printed Name and title, if any, of Bankruptcy Petition Preparer

Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

Address

X **Not Applicable**

Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **Not Applicable**
Signature of Authorized Individual

Printed Name of Authorized Individual

Title of Authorized Individual

Date

# UNITED STATES BANKRUPTCY COURT

## District of Minnesota

In re **TIMOTHY G ANDERSON  CHARLENE M LINDBERG**                 Case No. _____

_____                                          _____
Debtor(s)                                                        *(if known)*

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

❏ 2. Within the **180 days before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

❏ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

❏ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

   ❏ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

❏     Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

❏     Active military duty in a military combat zone.

❏     5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. ' 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:     **s/ TIMOTHY G ANDERSON**

  **TIMOTHY G ANDERSON**

Date:   **3/10/2009**

# UNITED STATES BANKRUPTCY COURT

## District of Minnesota

In re **TIMOTHY G ANDERSON  CHARLENE M LINDBERG**

_____
Debtor(s)

Case No.

_____
*(if known)*

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the **180 days before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

  ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

❑    Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

❑    Active military duty in a military combat zone.

❑    5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. ' 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:    **s/ CHARLENE M LINDBERG**
                                           **CHARLENE M LINDBERG**

Date:    **3/10/2009**

**United States Bankruptcy Court**

**District of Minnesota**

In re  **TIMOTHY G ANDERSON    CHARLENE M LINDBERG** _____ ,  Case No. _____

Debtors                                             Chapter  __11__

# LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

| (1)<br><br>_Name of creditor and complete mailing address including zip code_ | (2)<br><br>_Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted_ | (3)<br><br>_Nature of claim (trade debt, bank loan, government contract, etc.)_ | (4)<br><br>_Indicate if claim is contingent, unliquidated, disputed or subject to setoff_ | (5)<br><br>_Amount of claim [if secured also state value of security]_ |
|---|---|---|---|---|
| LITON MORTGAGE SERVICING<br>24 GREENWAY PLAZA #712<br>HOUSTON TX 77046 | | | UNLIQUIDATED | $1.00 |
| UNITED MORTGAGE & LOAN INVESTMENT LLC<br>HOME VEST CAPITAL LLC<br>5671 SANTA TERESA BLVD STE 100<br>SAN JOSE CA 95123 | | | CONTINGENT<br>UNLIQUIDATED | $474,097.29 |
| ASSOCIATED BANK<br>1305 MAIN ST<br>STEVENS POINT WI 54481 | | | CONTINGENT | $275,250.00 |
| VI ANDERSON<br>C/O VAL STOCKELAND<br>921 TAHOE DR<br>ONALASKA WI 54650 | | | | $200,000.00 |
| US DEPT OF EDUCATION<br>501 BLEEKER ST<br>UTICA NY 13502 | | | | $140,888.00 |
| OCWEN LOAN SERVICING<br>12650 INGENUITY DR<br>ORLANDO FL 32826 | | | CONTINGENT<br>DISPUTED | $81,636.00 |

In re <u>TIMOTHY G ANDERSON    CHARLENE M LINDBERG</u>                    , Case No. _____

Debtors

Chapter   <u>11</u>   _____

# LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| *Name of creditor and complete mailing address including zip code* | *Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | *Nature of claim (trade debt, bank loan, government contract, etc.)* | *Indicate if claim is contingent, unliquidated, disputed or subject to setoff* | *Amount of claim [if secured also state value of security]* |
| **COUNTRYWIDE CUSTOMER SERV SVB 314 PO BOX 5170 SIMI VALLEY CA 93062-5170** | | | | **$81,257.78**<br><br>**SECURED VALUE: $323,700.00** |
| **BB BROOKS RANCH OWNERS ASSN C/O CAS 702 W DRAKE RD BLDG B #1 FORT COLLINS CO 80526** | | | | **$35.843.00**<br><br>**SECURED VALUE: $9,157.00** |
| **CROWN BANK 6600 FRANCE AVE S STE 125 EDINA MN** | | | | **$27,593.00** |
| **CHASE PO BOX 15298 WILMINGTON DE 19850 5298** | | | | **$18,773.34** |
| **US BANK CARDMEMBER SERVICE PO BOX 6335 FARGO ND 58125 6335** | | | | **$18,747.78** |
| **COMMUNITY BANK** | | | **CONTINGENT DISPUTED** | **$18,402.00** |

In re **TIMOTHY G ANDERSON    CHARLENE M LINDBERG** , Case No. _____

Debtors

Chapter __11__

# LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

| (1)<br><br>*Name of creditor and complete mailing address including zip code* | (2)<br><br>*Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | (3)<br><br>*Nature of claim (trade debt, bank loan, government contract, etc.)* | (4)<br><br>*Indicate if claim is contingent, unliquidated, disputed or subject to setoff* | (5)<br><br>*Amount of claim [if secured also state value of security]* |
|---|---|---|---|---|
| **DISCOVER MORE CARD**<br>**PO BOX 30943**<br>**SALT LAKE CITY UT 84130** | | | | **$7,378.78** |
| **CITY OF EDINA**<br>**CITY HALL**<br>**4801 WEST 50TH ST**<br>**EDINA MN 55424 1394** | | | **CONTINGENT** | **$2.529.91** |
| **DIME SAVINGS BANK**<br>**1460 VALLEY RD**<br>**WAYNE NJ 07470** | | | | **$2,220.00** |
| **MACY'S**<br>**DEPT STORES NATIONAL BANK**<br>**PO BOX 689195**<br>**DES MOINES IA 50368** | | | | **$2,659.00** |

Penalty for making a false statement or concealing property. Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C §§ 152 and 3571.

**United States Bankruptcy Court**

**District of Minnesota**

In re   **TIMOTHY G ANDERSON    CHARLENE M LINDBERG**_____,        Case No. _____
                                              Debtors

                                                                        Chapter   __11_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $       579.557.00 | | |
| B - Personal Property | YES | 3 | $        23.249.00 | | |
| C - Property Claimed as Exempt | YES | 1 | | | |
| D - Creditors Holding Secured Claims | YES | 2 | | $       727.560.31 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 2 | | $        10,002.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 4 | | $     1.270.176.10 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 2 | | | $        8.749.14 |
| J - Current Expenditures of Individual Debtor(s) | YES | 1 | | | $        7.179.15 |
| TOTAL | | 18 | $      602,806.00 | $    2,007,738.41 | |

### United States Bankruptcy Court
### District of Minnesota

In re   **TIMOTHY G ANDERSON    CHARLENE M LINDBERG**

Debtors

Case No. _____

Chapter   **11**

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐   Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $  **10,002.00** |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ |
| Student Loan Obligations (from Schedule F) | $  **140,888.00** |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E. | $ |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations  (from Schedule F) | $ |
| TOTAL | $  **150,890.00** |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $ **8,749.14** |
| Average Expenses (from Schedule J, Line 18) | $ **7,179.15** |
| Current Monthly Income (from Form 22A Line 12; **OR**, Form 22B Line 11; **OR**, Form 22C Line 20 ) | $  **14,272.60** |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $**117,100.78** |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $  **9,017.00** | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $**985.00** |
| 4. Total from Schedule F | | $**1,270,176.10** |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $**1,388,261.88** |

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

# NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b)
# OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

With limited exceptions, **§ 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

In addition, after filing a bankruptcy case, **an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

**Chapter 7**: Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total fee $299)

1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

2. Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

3. The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

4. Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

**Chapter 13**: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)

       1. Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

       2. Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

       3. After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11:  Reorganization  ($1000 filing fee, $39 administrative fee: Total fee $1039)

       Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12:  Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)

       Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3.  Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

       A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

### Certificate of the Debtor

We, the debtors, affirm that we have received and read this notice.

| | |
|---|---|
| **TIMOTHY G ANDERSON** | X **s/ TIMOTHY G ANDERSON**    **3/10/2009** |
| **CHARLENE M LINDBERG** | **TIMOTHY G ANDERSON** |
| | Signature of Debtor    Date |
| Printed Name(s) of Debtor(s) | X **s/ CHARLENE M LINDBERG**    **3/10/2009** |
| | **CHARLENE M LINDBERG** |
| Case No. (if known) | Signature of Joint Debtor    Date |

In re: **TIMOTHY G ANDERSON   CHARLENE M LINDBERG**                    Case No. _____

                                                                        _____
                                               **Debtors**                        (If known)

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| 1/2 INTEREST IN NEW MEXICO PROPERTY LEGALLY DESCRIBED AS: PARCEL 3-41 OF HIGHLAND SPRINGS RANCH, SOCORRO COUNTY, NEW MEXICO 163 ACRES | Co-Owner | J | **UNKNOWN** | $ 69,000.00 |
| 2 - 40 ACRE PARCELS OF LAND IN WYOMING, LEGALLY DESCRIBED AS: THE NE 1/4 OF THE SW 1/4 SECTION 24 TOWNSHIP 36 NORTH RANGE 79 WEST AND THE SE 1/4 OF THE SW 1/4 SECTION 24, TOWNSHIP 36 N RANGE 79 WEST, NATRONA COUNTY WYOMING | Co-Owner | J | $   9,157.00 | $ 45,000.00 |
| 2/3 INTERST (TITLE ONLY) IN 13253 WILLIAMSBERG DR SAVAGE, MN LEGALLY DESCRIBED AS: LOT 2, BLOCK 3, WILLIAMSBERG, SCOTT COUNTY, MINNESOTA | Co-Owner | J | $ 246,700.00 | $ 257,110.54 |
| HOMESTEAD AT 7264 LAKE RIDGE DR LEGALLY DESCRIBED AS: LOT 9, BLOCK 1, WESTON WOODS OF PENINSULA POINT, (CIC NO. 1055), SCOTT COUNTY, MN | Co-Owner | J | $ 323,700.00 | $ 356,449.77 |

                                           **Total**  ➤  $ 579,557.00

                                                   (Report also on Summary of Schedules.)

In re  **TIMOTHY G ANDERSON    CHARLENE M LINDBERG** ,    Case No. _____

                                   **Debtors**                                              **(If known)**

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand | | **CASH ON HAND** | J | 70.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **ASSOCIATED BANK CHECKING ACCOUNT ENDING 0970** | J | 100.00 |
| Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **WELLS FARGO CHECKING ACCT ENDING 3529** | J | 8,073.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | **HOUSEHOLD GOODS AND FURNISHINGS** | J | 3,000.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | **WEARING APPAREL** | J | 1,000.00 |
| 7. Furs and jewelry. | | **JEWELRY, WEDDING AND ENGAGEMENT RINGS** | W | 11,000.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | **TERM LIFE (2)** | J | 1.00 |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | **NESBIT AGENCY 401K $32,418.69** | H | 1.00 |
| Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | **OPPENHEIMER FUNDS HEARTLIGHT RETIREMENT ACCT $81,693.31** | W | 1.00 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | **HEARTLIGHTCHIROPRACTIC PA 100% OF SHARES** | W | 1.00 |
| Stock and interests in incorporated and unincorporated businesses. Itemize. | | **VALLEYVIEW DEVELOPMENT LLC** | H | 1.00 |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |

In re   **TIMOTHY G ANDERSON   CHARLENE M LINDBERG**                    ,                 Case No. _____

　　　　　　　　　　　　　　　　　**Debtors**　　　　　　　　　　　　　　　　　　　　　　　　　　　**(If known)**

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH- OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled.  Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds.  Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property.  Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles.  Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **07 VOLVO LEASED** | J | **1.00** |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested.  Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |

In re   **TIMOTHY G ANDERSON   CHARLENE M LINDBERG** ,          Case No. _____
                        **Debtors**                                                    **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 35. Other personal property of any kind not already listed.  Itemize. | X | | | |

<u>2</u>  continuation sheets attached               Total  ➤    **$ 23,249.00**

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

In re **TIMOTHY G ANDERSON   CHARLENE M LINDBERG** _____ ,   Case No. _____

Debtors                                      (If known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)

☑ 11 U.S.C. § 522(b)(2)
☐ 11 U.S.C. § 522(b)(3)

☐ Check if debtor claims a homestead exemption that exceeds
  $136,875

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| **07 VOLVO LEASED** | **11 USC § 522(d)(2)** | **1.00** | **1.00** |
| **2/3 INTERST (TITLE ONLY) IN 13253 WILLIAMSBERG DR SAVAGE, MN LEGALLY DESCRIBED AS: LOT 2, BLOCK 3, WILLIAMSBERG, SCOTT COUNTY, MINNESOTA** | **11 USC § 522(d)(5)** | **1.00** | **246,700.00** |
| **ASSOCIATED BANK CHECKING ACCOUNT ENDING 0970** | **11 USC § 522(d)(5)** | **100.00** | **100.00** |
| **CASH ON HAND** | **11 USC § 522(d)(5)** | **70.00** | **70.00** |
| **HEARTLIGHTCHIROPRACTIC PA 100% OF SHARES** | **11 USC § 522(d)(5)** | **1.00** | **1.00** |
| **HOMESTEAD AT 7264 LAKE RIDGE DR LEGALLY DESCRIBED AS: LOT 9, BLOCK 1, WESTON WOODS OF PENINSULA POINT, (CIC NO. 1055), SCOTT COUNTY, MN** | **11 USC § 522(d)(1)** | **1.00** | **323,700.00** |
| **HOUSEHOLD GOODS AND FURNISHINGS** | **11 USC § 522(d)(3)** | **3,000.00** | **3,000.00** |
| **JEWELRY, WEDDING AND ENGAGEMENT RINGS** | **11 USC § 522(d)(5)** | **8,300.00** | **11,000.00** |
| | **11 USC § 522(d)(4)** | **2,700.00** | |
| **NESBIT AGENCY 401K $32,418.69** | **11 USC § 522(d)(12)** | **1.00** | **1.00** |
| **OPPENHEIMER FUNDS HEARTLIGHT RETIREMENT ACCT $81,693.31** | **11 USC § 522(d)(12)** | **1.00** | **1.00** |
| **TERM LIFE (2)** | **11 USC § 522(d)(8)** | **1.00** | **1.00** |
| **WEARING APPAREL** | **11 USC § 522(d)(3)** | **1,000.00** | **1,000.00** |
| **WELLS FARGO CHECKING ACCT ENDING 3529** | **11 USC § 522(d)(5)** | **8,073.00** | **8,073.00** |

B6D (Official Form 6D) (12/07)

In re  **TIMOTHY G ANDERSON    CHARLENE M LINDBERG**          .          Case No. _____

_____

**Debtors**                                                                    **(If known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

❑   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions, Above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.** <br><br>**BB BROOKS RANCH OWNERS ASSN C/O CAS 702 W DRAKE RD BLDG B #1 FORT COLLINS CO 80526** | | J | **Mortgage** <br>**2 - 40 ACRE PARCELS OF LAND IN WYOMING, LEGALLY DESCRIBED AS: THE NE 1/4 OF THE SW 1/4 SECTION 24 TOWNSHIP 36 NORTH RANGE 79 WEST AND THE SE 1/4 OF THE SW 1/4 SECTION 24, TOWNSHIP 36 N RANGE 79 WEST, NATRONA COUNTY WYOMING** <br><br>**VALUE $9,157.00** | | | | 45,000.00 | 35,843.00 |
| **ACCOUNT NO.** <br><br>**BENEFICIARY HIGHLAND SPRINGS LLC 4425 N 24TH ST, STE 125 PHOENIX AZ 85016** <br><br>**FIRST AMERICAN 4801 E WASHINGTON ST PHOENIX AZ 85034** | X | J | 02/15/2008 <br>**1/2 INTEREST IN NEW MEXICO PROPERTY LEGALLY DESCRIBED AS: PARCEL 3-41 OF HIGHLAND SPRINGS RANCH, SOCORRO COUNTY, NEW MEXICO 163 ACRES** <br><br>**VALUE: UNKNOWN** | | | | 69,000.00 | 0.00 |
| **ACCOUNT NO.**  082858993 <br><br>**COUNTRYWIDE CUSTOMER SERV SVB 314 PO BOX 5170 SIMI VALLEY CA 93062-5170** | X | J | **2/3 INTERST (TITLE ONLY) IN 13253 WILLIAMSBERG DR SAVAGE, MN LEGALLY DESCRIBED AS: LOT 2, BLOCK 3, WILLIAMSBERG, SCOTT COUNTY, MINNESOTA** <br><br>**VALUE $246,700.00** | | | | 29,110.54 | 0.00 |

1   continuation sheets attached

Subtotal  ➢
(Total of this page)

Total  ➢
(Use only on last page)

| | |
|---|---|
| $   143,110.54 | $   35,843.00 |
| $ | $ |

(Report also on Summary of Schedules)

(If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

**In re**    TIMOTHY G ANDERSON    CHARLENE M LINDBERG          **Case No.** _____

                          Debtors                                                       (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☐    Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐   **Domestic Support Obligations**

     Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐   **Extensions of credit in an involuntary case**

     Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐   **Wages, salaries, and commissions**

     Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐   **Contributions to employee benefit plans**

     Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐   **Certain farmers and fishermen**

     Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐   **Deposits by individuals**

     Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☒   **Taxes and Certain Other Debts Owed to Governmental Units**

     Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐   **Commitments to Maintain the Capital of an Insured Depository Institution**

     Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐   **Claims for Death or Personal Injury While Debtor Was Intoxicated**

     Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

     * Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

                                        <u>1</u>   **continuation sheets attached**

In re  **TIMOTHY G ANDERSON   CHARLENE M LINDBERG**_____ ,        Case No. _____
                                                          Debtors                                                    (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

**Type of Priority:  Taxes and Certain Other Debts Owed to Governmental Units**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>**INTERNAL REVENUE SERVICE**<br>**WELLS FARGO PLACE**<br>**30 EAST 7TH ST MAIL STOP 5700**<br>**ST PAUL MN 55101** | | J | **2008 ESTIMATED** | | | | **9,017.00** | **9,017.00** | **$0.00** |
| ACCOUNT NO.<br>**MINNESOTA DEPT OF REVENUE**<br>**COMPLIANCE DIVISION**<br>**551 BANKRUPTCY SECTION**<br>**PO BOX 64651**<br>**ST PAUL MN 55164 0651** | | J | **2008 ESTIMATED TAXES** | | | | **985.00** | **985.00** | **$0.00** |

Sheet no. _1_ of _1_ continuation sheets attached to Schedule of
Creditors Holding Priority Claims

Subtotals⊘
(Totals of this page)

| | $ **10,002.00** | $ **10,002.00** | $ **0.00** |
|---|---|---|---|

Total ⊘
(Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.)

| | $ **10,002.00** | | |
|---|---|---|---|

Total ⊘
(Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data. )

| | | $ **10,002.00** | $ **0.00** |
|---|---|---|---|

In re <u>TIMOTHY G ANDERSON   CHARLENE M LINDBERG</u> ,          Case No. <u>                    </u>

Debtors                                                    (If known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions, Above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  082858929<br><br>COUNTRYWIDE<br>CUSTOMER SERV<br>SVB 314 PO BOX 5170<br>SIMI VALLEY CA 93062-5170<br><br>PETERSON FRAM & BERGMAN PA<br>STE 800<br>55 EAST FIFTH ST<br>ST PAUL MN 55101 1718 | X | J | 09/24/2004<br>2/3 INTERST (TITLE ONLY) IN 13253 WILLIAMSBERG DR SAVAGE, MN LEGALLY DESCRIBED AS: LOT 2, BLOCK 3, WILLIAMSBERG, SCOTT COUNTY, MINNESOTA<br><br>VALUE $246,700.00 | | | | 228,000.00 | 0.00 |
| ACCOUNT NO.  133349532<br><br>COUNTRYWIDE<br>CUSTOMER SERV<br>SVB 314 PO BOX 5170<br>SIMI VALLEY CA 93062-5170 | | J | Second Lien on Residence<br>HOMESTEAD AT 7264 LAKE RIDGE DR LEGALLY DESCRIBED AS: LOT 9, BLOCK 1, WESTON WOODS OF PENINSULA POINT, (CIC NO. 1055), SCOTT COUNTY, MN<br><br>VALUE $323,700.00 | | | | 81,257.78 | 81,257.78 |
| ACCOUNT NO.  066794329<br><br>COUNTRYWIDE<br>CUSTOMER SERV<br>SVB 314 PO BOX 5170<br>SIMI VALLEY CA 93062-5170<br><br>PETERSON FRAM & BERGMAN PA<br>STE 800<br>55 EAST FIFTH ST<br>ST PAUL MN 55101 1718 | | J | Mortgage<br>HOMESTEAD AT 7264 LAKE RIDGE DR LEGALLY DESCRIBED AS: LOT 9, BLOCK 1, WESTON WOODS OF PENINSULA POINT, (CIC NO. 1055), SCOTT COUNTY, MN<br><br>VALUE $323,700.00 | | | | 275,191.99 | 0.00 |

Sheet no. <u>1</u> of <u>1</u> continuation sheets attached to Schedule of Creditors Holding Secured Claims

Subtotal ➢
(Total of this page)

| $ 584,449.77 | $ 81,257.78 |
|---|---|

Total ➢
(Use only on last page)

| $ 727,560.31 | $ 117,100.78 |
|---|---|

(Report also on Summary of Schedules)   (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07)

In re  **TIMOTHY G ANDERSON   CHARLENE M LINDBERG**          Case No. _____
_____
Debtors                                                    (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐     Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   **9420055374** <br><br> **ASSOCIATED BANK** <br> **1305 MAIN ST** <br> **STEVENS POINT WI 54481** <br><br><br> **MEAGHER & GEER PLLP** <br> **33 SOUTH SIXTH ST STE 4400** <br> **MINNEAPOLIS MN 55402** | | J | **10148 TRAILS END ROAD LEGALLY DESCRIBED AS: LOT 24, BLOCK 4, SETTLERS WEST, CARVER COUNTY, MINNESOTA** | X | | | 275,250.00 |
| ACCOUNT NO.   **4417 12*91 3091 8093** <br><br> **CHASE** <br> **PO BOX 15298** <br> **WILMINGTON DE 19850 5298** | | H | | | | | 18,773.34 |
| ACCOUNT NO.   **0345900064 00111966** <br><br> **CITY OF EDINA** <br> **CITY HALL** <br> **4801 WEST 50TH ST** <br> **EDINA MN 55424 1394** | | J | **MARTHA CT** | X | | | 2,529.91 |
| ACCOUNT NO.   **111481** <br><br> **COMMUNITY BANK** | | | **GUARANTY OF CORPORATE DEBT** | X | | X | 18,402.00 |

_3_   Continuation sheets attached

Subtotal ➤ $          **314,955.25**

Total ➤ $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical Summary of Certain Liabilities and Related Data.)

In re  **TIMOTHY G ANDERSON    CHARLENE M LINDBERG**        Case No. _____
                              **Debtors**                                    (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br> **CROWN BANK** <br> **6600 FRANCE AVE S STE 125** <br> **EDINA MN** <br><br> **B&L FINANCIAL** <br> **14850 SCENIC HEIGHTS RD STE 150** <br> **EDEN PRAIRIE MN 55344** <br><br> **HELLMUTH & JOHNSON PLLC** <br> **10400 VIKING DR STE 500** <br> **EDEN PRAIRIE MN 55344** | X | J | **DEFICIENCY** | | | | **27,593.00** |
| ACCOUNT NO.  **401981143096** <br> **DIME SAVINGS BANK** <br> **1460 VALLEY RD** <br> **WAYNE NJ 07470** | | J | | | | | **2,220.00** |
| ACCOUNT NO.  **XXXXX 6684** <br> **DISCOVER MORE CARD** <br> **PO BOX 30943** <br> **SALT LAKE CITY UT 84130** | | H | | | | | **7,378.78** |
| ACCOUNT NO.  **100120724** <br> **LITON MORTGAGE SERVICING** <br> **24 GREENWAY PLAZA #712** <br> **HOUSTON TX 77046** | | J | **MORTGAGE WHICH HAS FORECLOSED, NOT SURE IF DEFICIENCY** | | X | | **1.00** |

Sheet no. <u>1</u> of <u>3</u> continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

Subtotal  ➢  $  **37,192.78**

Total  ➢  $

**(Use only on last page of the completed Schedule F.)**
**(Report also on Summary of Schedules and, if applicable on the Statistical**
**Summary of Certain Liabilities and Related Data.)**

B6F (Official Form 6F) (12/07) - Cont.

In re **TIMOTHY G ANDERSON    CHARLENE M LINDBERG**                    Case No. _____

                                                  Debtors                                                      (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.    **438026288**<br><br>**MACY'S**<br>**DEPT STORES NATIONAL BANK**<br>**PO BOX 689195**<br>**DES MOINES IA 50368** | | J | | | | | 2,659.00 |
| ACCOUNT NO.    **39892229**<br><br>**OCWEN LOAN SERVICING**<br>**12650 INGENUITY DR**<br>**ORLANDO FL 32826** | | J | **SECOND MTG ON FAIRVIEW PROPERTY** | X | | X | 81,636.00 |
| ACCOUNT NO.<br><br>**SANDRA KENSY**<br>**5430 CARLSON RD**<br>**ST PAUL MN 55126** | | J | **INFORMATION ONLY** | | | | 0.00 |
| ACCOUNT NO.    **1001862512/891855173**<br><br>**UNITED MORTGAGE & LOAN INVESTMENT LLC**<br>**HOME VEST CAPITAL LLC**<br>**5671 SANTA TERESA BLVD STE 100**<br>**SAN JOSE CA 95123**<br><br>**ROBERT C BLACK III**<br>**7400 METRO BLVD STE 425**<br>**EDINA MN 55439**<br><br>**GREENTREE**<br>**PO BOX 6172**<br>**RAPID CITY SD 57709 6172** | | J | **7725 MARTH COURT EDINA LEGALLY DESCRIBED AS: ALL OF LOT 2 AND THAT PART LOT 3, BLOCK 1, WINSOR ADDITION, LYING WESTERLY OF THE SOUTHERLY EXTENSION OF THE EAST LINE OF LOT 3, EVANSON ADDITION, HENNEPIN COUNTY, MN** | X | X | | 474,097.29 |

Sheet no. 2 of 3 continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

Subtotal  ➤  $            558,392.29

Total  ➤  $

**(Use only on last page of the completed Schedule F.)**
**(Report also on Summary of Schedules and, if applicable on the Statistical**
**Summary of Certain Liabilities and Related Data.)**

In re  **TIMOTHY G ANDERSON   CHARLENE M LINDBERG**                          Case No. _____

_____                          (If known)
                          **Debtors**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  **4190 0043 2013 2677** <br><br>**US BANK**<br>**CARDMEMBER SERVICE**<br>**PO BOX 6335**<br>**FARGO ND 58125 6335** | | **J** | | | | | **18,747.78** |
| ACCOUNT NO.  **xxxx5593** <br><br>**US DEPT OF EDUCATION**<br>**501 BLEEKER ST**<br>**UTICA NY 13502** | | **W** | **STUDENT LOAN** | | | | **140,888.00** |
| ACCOUNT NO. <br><br>**VI ANDERSON**<br>**C/O VAL STOCKELAND**<br>**921 TAHOE DR**<br>**ONALASKA WI 54650** | | **J** | | | | | **200,000.00** |

Sheet no. _3_ of _3_ continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

Subtotal   ➤  $         **359,635.78**

Total   ➤  $      **1,270,176.10**

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

In re:  **TIMOTHY G ANDERSON    CHARLENE M LINDBERG**          ,    Case No. _____
**Debtors**                                                 **(If known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

   ❑  Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| **WELLS FARGO AUTO FINANCE INC**<br>**PO BOX 29704**<br>**PHOENIX AZ 85038 9704** | **07 VOLVO** |

**In re:** TIMOTHY G ANDERSON   CHARLENE M LINDBERG    **Case No.** _____

                           **Debtors**                                                  (If known)

# SCHEDULE H - CODEBTORS

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **SHIN-ON AND ANN LINDBERG**<br>**5070 HIGHVIEW PLACE**<br>**GREENWOOD MN 55122** | **BENEFICIARY HIGHLAND SPRINGS LLC**<br>**4425 N 24TH ST, STE 125**<br>**PHOENIX AZ 85016** |
| **KUM CHA LINDBERG**<br>**13253 WILLIAMSBERG DR**<br>**SAVAGE MN 55378**<br><br>**KUM CHA LINDBERG** | **COUNTRYWIDE**<br>**CUSTOMER SERV**<br>**SVB 314 PO BOX 5170**<br>**SIMI VALLEY CA 93062-5170** |
| **SHIN-ON LINDBERG**<br>**5070 HIGHVIEW PLACE**<br>**GREENWOOD MN 55122**<br><br>**VALLEYVIEW DEVELOPMENT LLC** | **CROWN BANK**<br>**6600 FRANCE AVE S STE 125**<br>**EDINA MN** |

In re **TIMOTHY G ANDERSON CHARLENE M LINDBERG**

Case No. _____

Debtors

(If known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: **MARRIED** | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP(S): | AGE(S): |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Age | 42 | 40 |
| Occupation | **INSURANCE AGENT** | **CHIROPRATOR** |
| Name of Employer | **NESBIT AGENCIES** | **HEARTLIGHT CHIROPRATIC PA** |
| How long employed | 15 | **8 MONTHS** |
| Address of Employer | | |

INCOME: (Estimate of average or projected monthly income at time case filed)

| | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly.) | $ | 4,939.60 | $ | 5,000.00 |
| 2. Estimate monthly overtime | $ | 0.00 | $ | 0.00 |
| 3. SUBTOTAL | $ | 4,939.60 | $ | 5,000.00 |
| 4. LESS PAYROLL DEDUCTIONS | | | | |
| a. Payroll taxes and social security | $ | 791.12 | $ | 2,882.50 |
| b. Insurance | $ | 250.04 | $ | 0.00 |
| c. Union dues | $ | 0.00 | $ | 0.00 |
| d. Other (Specify) **401k loan** | $ | 266.80 | $ | 0.00 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | 1,307.96 | $ | 2,882.50 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | 3,631.64 | $ | 2,117.50 |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ | 0.00 | $ | 3,000.00 |
| 8. Income from real property | $ | 0.00 | $ | 0.00 |
| 9. Interest and dividends | $ | 0.00 | $ | 0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ | 0.00 | $ | 0.00 |
| 11. Social security or other government assistance (Specify) | $ | 0.00 | $ | 0.00 |
| 12. Pension or retirement income | $ | 0.00 | $ | 0.00 |
| 13. Other monthly income (Specify) | $ | 0.00 | $ | 0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | 0.00 | $ | 3,000.00 |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ | 3,631.64 | $ | 5,117.50 |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | | $ 8,749.14 | | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document.:

In re   **TIMOTHY G ANDERSON CHARLENE M LINDBERG**        **Case No.** _____

                           **Debtors**                                                  **(If known)**

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

<u>NONE</u>

In re <u>TIMOTHY G ANDERSON  CHARLENE M LINDBERG</u>,    Case No. _____
                                    **Debtors**                                (If known)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made biweekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form22A or 22C.

☐   Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | | |
|---|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | | $ | 2,685.00 |
|    a. Are real estate taxes included?  Yes _____  No ✓ | | | |
|    b. Is property insurance included?  Yes _____  No ✓ | | | |
| 2. Utilities: a. Electricity and heating fuel | | $ | 330.00 |
|    b. Water and sewer | | $ | 70.00 |
|    c. Telephone | | $ | 240.00 |
|    d. Other **ASSOC DUES** | | $ | 190.00 |
| 3. Home maintenance (repairs and upkeep) | | $ | 150.00 |
| 4. Food | | $ | 800.00 |
| 5. Clothing | | $ | 100.00 |
| 6. Laundry and dry cleaning | | $ | 50.00 |
| 7. Medical and dental expenses | | $ | 50.00 |
| 8. Transportation (not including car payments) | | $ | 650.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | | $ | 300.00 |
| 10. Charitable contributions | | $ | 80.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | | |
|    a. Homeowner's or renter's | | $ | 44.65 |
|    b. Life | | $ | 130.00 |
|    c. Health | | $ | 0.00 |
|    d. Auto | | $ | 128.50 |
|    e. Other_____ | | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | | |
| (Specify)_____ | | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | | |
|    a. Auto | | $ | 608.00 |
|    b. Other **STUDENT LOAN** | | $ | 523.00 |
| 14. Alimony, maintenance, and support paid to others | | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | | $ | 0.00 |
| 17. Other **PET EXPENSES** | | $ | 50.00 |

18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)   $   7,179.15

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

**DEBT SERVICE ON WILLIAMSBERG BEING PAID BY CO-OWNER**

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---:|
|    a. Average monthly income from Line 15 of Schedule I | $ | 8,749.14 |
|    b. Average monthly expenses from Line 18 above | $ | 7,179.15 |
|    c. Monthly net income (a. minus b.) | $ | 1,569.99 |

In re  **TIMOTHY G ANDERSON    CHARLENE M LINDBERG**                    Case No. _____

                                    Debtors                                                    **(If known)**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of  **20**

sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date:  **3/10/2009** _____        Signature:  **s/ TIMOTHY G ANDERSON** _____

                                                         **TIMOTHY G ANDERSON**
                                                                         Debtor

Date:  **3/10/2009** _____        Signature:  **s/ CHARLENE M LINDBERG** _____

                                                         **CHARLENE M LINDBERG**
                                                                 (Joint Debtor, if any)

                            [If joint case, both spouses must sign]


## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

                            (NOT  APPLICABLE)

---

*Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C §§ 152 and 3571.*

**UNITED STATES BANKRUPTCY COURT**
**District of Minnesota**

In re:  **TIMOTHY G ANDERSON     CHARLENE M LINDBERG**         ,          Case No. _____

_____Debtors                                        (If known)

# STATEMENT OF FINANCIAL AFFAIRS

## 1.  Income from employment or operation of business

None  ☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|
| 55,404.00 | HIS WAGES | 2007 |
| 152,898.00 | HER WAGES | 2007 |
| 107,926.00 | HER WAGES AND DRAW | 2008 |
| 59,275.00 | HIS WAGES | 2008 |
| 16,000.00 | HER WAGES AND DRAW | 2009 |
| 7,400.00 | HIS WAGES YTD | 2009 |

## 2.  Income other than from employment or operation of business

None  ☑

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|

## 3. Payments to creditors

*Complete a. or b., as appropriate, and c.*

None
☐

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| **MACY'S VISA** | **2/9** | **1,835.39** | |
| **MACY'S VISA** | **1/8** | **2,206.08** | |

None
☑

b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None
☑

c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

## 4. Suits and administrative proceedings, executions, garnishments and attachments

None
☐

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATIO | STATUS OR DISPOSITION |
|---|---|---|---|
| **ASSOCIATED BANK NA VS TIMOTHY G ANDERSON, CHARLENE M LINDBERG, ET AL 10-CV-08-757** | **CIVIL OTHER/MISC** | **CARVER CNTY DIST CRT** | **PENDING** |
| **CROWN BANK VS TIMOTHY G. ANDERSON, CHARLENE M. LINDBERG, ET AL** | **CONTRACT** | **HENNEPIN CNTY DIST CRT** | **PENDING** |

None
☑ b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

## 5. Repossessions, foreclosures and returns

None
☐ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |
| **B&L FINANCIAL** | **12/15/2008** | **MERCEDES SURRENDER** |
| **OCWEN MORTGAGE** | **09/11/2008** | **21780 FAIRVIEW ST GREENWOOD, MN FORECLOSED** |
| **UNITED MORTGAGE** | **02/27/2008** | **7725 MARTHA CRT, EDINA, MN $81,000 DEFICIENCY** |

## 6. Assignments and receiverships

None
☑ a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
| --- | --- | --- |

None
☑ b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND ADDRESS OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- | --- |

## 7. Gifts

None
☑ List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |

## 8. Losses

None ☑ List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

## 9. Payments related to debt counseling or bankruptcy

None ☐ List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **JOHN A HEDBACK STE 201 ANTHONY PLACE 2855 ANTHONY LN S ST ANTHONY MN 55418** | **1/15/09** | **$5,000 INCLUDING FILING FEE** |

## 10. Other transfers

None ☐ a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| **10 SPRING HOMES INC NONE** | **02/01/2007** | **20520 EXCELSIOR BLVD, EXCELSIOR $840,000 GROSS, NET $42,890** |
| **10 SPRING HOMES INC NONE** | **02/27/2007** | **3560 KINGS POINT RD, MINNETRISTA $843,929 GROSS, LOSS ON SALE** |
| **ANTHONY & JILL URDAHL 10148 TRAILS END RD CHANHASSEN MN 55317 NONE** | **12/11/2008** | **10148 TRAILS END RD, CHANHASSEN $232,500** |
| **NA NONE** | **01/06/2009** | **PENNY STOCKS SOLD FOR $51** |

None ☑ b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR INTEREST IN PROPERTY |
|---|---|---|

## 11. Closed financial accounts

None

☐

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| **SCOTTRADE** | **INVESTMENT 7399** | **1/6/09 $51.20** |
| **WELLS FARGO** | **ADVANATAGE FUNDS INVESTMENT 0066** | **10/22/08 $9.53** |

## 12. Safe deposit boxes

None

☑

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITOR | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

## 13. Setoffs

None

☑

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

## 14. Property held for another person

None

☑

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

## 15. Prior address of debtor

None

☑

If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

## 16. Spouses and Former Spouses

None

☑

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor 's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

## 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None  a.    List  the name  and address of every site for which the debtor has received notice in writing by a governmental unit ☑      that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

| SITE NAME AND ADDRESS | NAME  AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

None  b.    List the name and address of every site for which the debtor provided notice to a governmental unit of a release of ☑      Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME  AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

None  c.    List all  judicial or administrative proceedings, including settlements or orders, under any Environmental Law with ☑      respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME  AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
| --- | --- | --- |

## 18. Nature, location and name of business

None ☐ a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within the **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership,* list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| **HEARTLIGHT CHIROPRACTIC PA** | | | **CHIROPRACTIC PRACTICE** | 01/15/2008 |
| **VALLEYVIEW DEVELOPMENT LLC** | | | **REAL ESTATE INVESTMENT** | 07/28/2005 01/01/2008 |

None ☑ b.     Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                                                    ADDRESS

* * * * * *

*[if completed by an individual or individual and spouse]*
I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  **3/10/2009**                      Signature of Debtor  **s/ TIMOTHY G ANDERSON**
                                                                      **TIMOTHY G ANDERSON**

Date  **3/10/2009**                      Signature of Joint Debtor (if any)  **s/ CHARLENE M LINDBERG**
                                                                      **CHARLENE M LINDBERG**

**Form 1007-1 - Statement Of Compensation By Debtor's Attorney**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

**TIMOTHY G ANDERSON**
**CHARLENE M LINDBERG**                                    ,

Debtor(s).

Case No. BKY _____

Chapter ___11___ Case

## STATEMENT OF COMPENSATION BY ATTORNEY FOR DEBTOR(S)

The undersigned, pursuant to Local Rule 1007-1, Bankruptcy Rule 2016(b) & § 329(a) of the Bankruptcy Code, states that:

1.   The undersigned is the attorney for the debtor(s) in this case and files this statement as required by applicable

2.   (a) The filing fee paid by the undersigned to the clerk for the debtor(s) in this case is: $ _____ 1,039.00

(b) The compensation paid or agreed to be paid by the debtor(s) to the undersigned is: $ _____ 3,961.00

(c) Prior to filing this statement, the debtor(s) paid to the undersigned: $ _____ 5,000.00

(d) The unpaid balance due and payable by the debtor(s) to the undersigned is: $ _____ 0.00

3.      The services rendered or to be rendered include the following: (a) analysis of the financial situation and rendering advice and assistance to the debtor in determining whether to file a petition under Title 11 of the United States Code; (b) preparation and filing of the petition, exhibits, attachments, schedules, statements and lists and other documents required by the court; (c) representation of the debtor(s) at the meeting of creditors; (d) negotiations with creditors; and (e) other services reasonably necessary to represent the debtor(s) in this case.

4.      The source of all payments by the debtor(s) to the undersigned was or will be from earnings or other current compensation of the debtor(s), and the undersigned has not received and will not receive any transfer of property other than such payments by the debtor(s), except as follows:

**POST PETITION FEES TO BE DETERMINED BY COURT**

5.      The undersigned has not shared or agreed to share with any other person other than with members of undersigned's law firm any compensation paid or to be paid.

Dated:  **3/10/2009**

Signed: _____

**JOHN A HEDBACK**
**Bar no: 142438**
Attorney for Debtor(s)

**HEDBACK ARENDT, KOHL & CARLSON**
**PLLC**
**SUITE 201 ANTHONY PLACE**
**2855 ANTHONY LN S**
**ST ANTHONY MN 55418**
**612-436-3280**

LOCAL RULE REFERENCE: 1007-1

In re  **TIMOTHY G ANDERSON, CHARLENE M LINDBERG**
                 Debtor(s)

Case Number: _____
               (If known)

# CHAPTER 11 STATEMENT OF CURRENT MONTHLY INCOME

In addition to Schedules I and J, this statement must be completed by every individual chapter 11 debtor, whether or not filing jointly. Joint debtors may complete one statement only.

| Part I. CALCULATION OF CURRENT MONTHLY INCOME | | | |
|---|---|---|---|
| 1 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.<br>a. ☐ Unmarried. **Complete only Column A ("Debtor's Income") for Lines 2-10.**<br>b. ☐ Married, not filing jointly. **Complete only Column A ("Debtor's Income") for Lines 2-10.**<br>c. ☑ Married, filing jointly. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 2-10.** | | |
| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | **Column A Debtor's Income** | **Column B Spouse's Income** |
| 2 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | $4,939.60 | $5,000.00 |
| 3 | **Net income from the operation of a business, profession, or farm.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 3. If more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero.<br><br>a. Gross Receipts $ 4,333.00<br>b. Ordinary and necessary business expenses $ 0.00<br>c. Business income  Subtract Line b from Line a | $0.00 | $4,333.00 |
| 4 | **Net rental and other real property income.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. Do not enter a number less than zero.<br><br>a. Gross Receipts $ 0.00<br>b. Ordinary and necessary operating expenses $ 0.00<br>c. Rent and other real property income  Subtract Line b from Line a | $0.00 | $0.00 |
| 5 | **Interest, dividends, and royalties.** | $0.00 | $0.00 |
| 6 | **Pension and retirement income.** | $0.00 | $0.00 |
| 7 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose.** Do not include alimony or separate maintenance payments or amounts paid by the debtor's spouse if Column B is completed. | $0.00 | $0.00 |
| 8 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 8. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<br><br>Unemployment compensation claimed to be a benefit under the Social Security Act   Debtor $ _____  Spouse $ _____ | $ | $ |

| | | | |
|---|---|---|---|
| 9 | **Income from all other sources.** Specify source and amount. If necessary, list additional sources on a separate page. Total and enter on Line 9. **Do not include alimony or separate maintenance payments paid by your spouse if Column B is completed, but include all other payments of alimony or separate maintenance. Do not include** any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. | | |
| | a.                            $ | $0.00 | $0.00 |
| 10 | **Subtotal of current monthly income.** Add Lines 2 thru 9 in Column A, and, if Column B is completed, add Lines 2 through 9 in Column B. Enter the total(s). | $4,939.60 | $9,333.00 |
| 11 | **Total current monthly income.** If Column B has been completed, add Line 10, Column A to Line 10, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 10. Column A. | $   14,272.60 | |

| | | |
|---|---|---|
| | **Part II: VERIFICATION** | |
| 12 | I declare under penalty of perjury that the information provided in this statement is true and correct. *(If this a joint case, both debtors must sign.)* Date: __3/10/2009__        Signature: **s/ TIMOTHY G ANDERSON** _____ **TIMOTHY G ANDERSON,** (Debtor) Date: __3/10/2009__        Signature: **s/ CHARLENE M LINDBERG** _____ **CHARLENE M LINDBERG,** (Joint Debtor, if any) | |