UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

_____

In Re:                                                                                                                BKY 09-31470

                                                                                                                             Chapter 11

Timothy Anderson and
Charlene Lindberg,

                     Debtors.

_____

**PLAN OF REORGANIZATION**

Timothy Anderson and Charlene Lindberg ("Debtors"), the debtors in the above named Chapter 11 cases hereby propose the following Plan of Reorganization.

I.

ADMINISTRATIVE EXPENSES

Claims of a kind specified in 11 U.S.C. Section 507(a)(1), "administrative expenses", for which the debtors will be liable as of the date of confirmation of the Plan shall be paid on the earlier of the effective date or the date on which they are allowed by the Court.

The effective date of the Plan is defined to mean a date thirty days after the Order for confirmation of the Plan has been signed by the Court.

Administrative expenses include: quarterly fees owed to the United States Trustee pursuant to 18 U.S.C. Section 1930(a)(6); fees owed the attorneys for the debtors, Hedback, Arendt Kohl & Carlson, PLLC, and fees owed the accountant for the Debtor.

1

II.

PRIORITY CLAIMS

The debtors have no priority claims outstanding other than administrative expense claims.

III.

CLASSIFICATION OF CLAIMS

The claims of creditors against the debtor not dealt with above shall be divided into classes as follows:

Class 1: Class One includes one of the secured claims of Countrywide Home Loans, Inc., or its successor against Debtors. The claim arises from promissory notes dated August 25, 2004, having an amount due as of the date of filing of $275,192 and the second having an amount due of $81,258. This claim is secured by mortgages on Debtors' homestead. The liens held by this creditor are properly filed and perfected.

Class 2: Class Two includes one of the secured claim of Countrywide Home Loans, Inc., or its successor against Debtors. The claim arises from promissory notes dated September 24, 2004, having an amount due as of the date of filing of $238,000 and the second having an amount due of $29,111. The claim is an obligation of Kum Cha Lindberg, the mother of Charlene Lindberg. This claim is secured by mortgages on property located at 13253 Williamsberg Drive, Savage, Minnesota. The liens held by this creditor are properly filed and perfected.

Class 3: Class Three includes the claim of BB Brooks Ranch Owners Association. This claim is secured by a lien on 2 40 acre parcels of real estate in Wyoming. The amount of this claim as of the date of the filing of the bankruptcy was estimated at $45,000. The lien held by this creditor is believed to be properly filed and perfected.

Class 4: Class Four includes the claim Beneficiary Highland Springs. This claim is secured by a lien on an interest in property in Socorro County, New Mexico. The amount of this claim as of the date of the filing of the bankruptcy was estimated at $69,000. The lien held by this creditor

is believed to be properly filed and perfected

Class 5: Class Five includes the unsecured debts against the debtors. Debtor estimates these claims to total $1,158,399.

Class 6: Class Six includes the non-dischargeable unsecured claim held by the United States Department of Education. The claim in this class is in the amount of $140,888.

IV.

IMPAIRMENT OF CLASSES

The following classes of claims are unimpaired as defined by 11 U.S.C. Section 1124: Classes 1 and 6. The following classes are impaired: Classes Two through Five.

V.

TREATMENT OF CLASSES

Class 1: The claims in Class One will be paid in full with interest by the debtors according to the terms of the contracts between the parties. The monthly payment on this claim will be $2,685. The claimant will retain its secured position in Debtors' homestead real estate.

Class 2: The claims in Class Two will be satisfied by liquidation or surrender of the collateral. Debtors will list the collateral subject to the mortgages for sale. If the property is sold for an amount which would allow for payment in full of the claims in this class, the claims in this class will be paid in full and any excess funds will be paid to the claims in Class Five. If the property is sold prior to confirmation for an amount which would not allow for payment in full of the claims in this class, the proceeds will be paid to the claims in the class in and claimant may file a proof of claim for any deficiency as an unsecured claim in the bankruptcy proceeding prior to confirmation of this plan. The claimants in this class will be allowed to foreclose their liens on the collateral and, if during the foreclosure the property does not sell and claimant may file a proof of claim for any deficiency as an unsecured claim in the bankruptcy proceeding prior to confirmation of this plan.

Class 3: The claimant in Class Three will be allowed to foreclose its lien or mortgage in the Wyoming real estate. If claimant alleges that the property in question does not satisfy its obligation and if it alleges that under Wyoming law it has a right to pursue a deficiency claim against Debtors, Claimant may file a proof of claim in the bankruptcy proceeding prior to confirmation of this plan alleging the amount of its unsecured claim and that claim if allowed by the Court will paid as a claimant in Class 5.

Class 4: The claimant in Class Four will be allowed to foreclose its lien or mortgage in the New Mexico real estate. If claimant alleges that the property in question does not satisfy its obligation and if it alleges that under New Mexico law it has a right to pursue a deficiency claim against Debtors, Claimant may file a proof of claim in the bankruptcy proceeding prior to confirmation of this plan alleging the amount of its unsecured claim and that claim if allowed by the Court will paid as a claimant in Class 5.

Class 5: The allowed claims in Class five will receive in full satisfaction of their claims payments from Debtors on a quarterly basis with the first payment to be made at the end of the calendar month 90 days after confirmation. The payments will be all of Debtors disposable income received in each 90 day period. It is estimated that each quarter the payments will total $4,060. The payments will continue for a period of five years. Debtors estimate that the creditors will receive approximately 7% of their claims. At the end of these payments the claims will be deemed satisfied in full.

Class 6: The claim in this class will be paid in full according to the term of its contract.

VI.

EXECUTORY CONTRACTS

On the date of the filing of the bankruptcy the only executory contract outstanding was a motor vehicle lease between Wells Fargo Auto Finance Inc. and Debtors. That lease will be assumed according to its terms.

# VII.

## PROOFS OF CLAIMS AND OBJECTIONS TO CLAIMS

Unless otherwise ordered by the Bankruptcy Court, the deadline by which administrative claims must be timely filed is thirty days after the date on which an order confirming the Plan is entered. Administrative expense claims must be asserted by motion filed and served by the deadline set forth herein. SUBJECT TO SUBSEQUENT ORDER OF THE BANKRUPTCY COURT, THIS INFORMATION CONSTITUTES NOTICE OF THE DEADLINE FOR ASSERTING ADMINISTRATIVE EXPENSE CLAIMS.

# VIII.

## POST CONFIRMATION

**8.1     Means for Execution**

**8.1.1   Plan Funding**

The viability of the Plan is based on the assumption that the Debtor will continue to earn income from its continued operations, and such income is projected to be sufficient to pay administrative expenses and secured and unsecured debt on the terms described above, as well as to pay ordinary operating expenses.

**8.1.2   Plan Distributions**

The distributions under the Plan will be made by the Debtor on the dates provided for in the Plan, or on such earlier dates as the Debtor, in its sole discretion, may choose. The Debtor reserves and retains the right to prepay any obligation under the Plan without penalty. Any payment or distribution required to be made under this Plan on a day other than a business day will be made on the next succeeding business day, or as soon thereafter as practicable.

The Debtor will not be required to make any payment or distribution on account of any disputed

claim, until the dispute has been resolved and then, only to the extent that the disputed claim becomes an allowed claim, whether by agreement of the parties or by final order of the Bankruptcy Court. As soon as practicable after the disputed claim is resolved by the Debtor or the parties, or allowed by agreement or final order, and subject to the terms of the Plan, the Debtor will pay and distribute to the holder of such allowed claim the amount provided in the Plan in the manner provided in the Plan, subject to the following condition: The Debtor may choose, in the alternative, to make any additional payment or distribution to the creditor holding a previously disputed allowed claim to bring distributions on account of such claim current with where they would have been had the claim never been subject to objection.

In the event that any property to be distributed under the Plan remains unclaimed or otherwise not deliverable to a creditor entitled thereto as of the later of: (a) one year after the date on which an order confirming the Plan is entered; or (b) one hundred twenty (120) days after any distribution called for under the terms of the Plan, such property will become vested in and will be transferred and delivered to the Debtor. Unclaimed property includes, but is not limited to, checks issued pursuant to the Plan and not negotiated within ninety (90) days of the date such check was issued.

Except as expressly stated in the Plan or otherwise allowed by a final order of the Bankruptcy Court, no interest, penalty, or late charge arising after the Filing Date will be allowed on any claim, regardless of whether any objection to the claim is filed and sustained. No attorneys' fees will be paid with respect to any claim except as specified in the Plan, or as allowed by a final order of the Bankruptcy Court. Accordingly, payments and distributions under the Plan will not include, provide for, or otherwise take into account any such interest, penalty, late charge, or attorneys' fees.

Distributions to be made under this Plan to holders of allowed claims will be made by first class United Sates mail, postage prepaid to (a) the latest mailing address set forth in the schedules if no proof of claim was filed with respect to such claim; or (b) to the address appearing on a proof of claim as the address to which notices should be sent if a proof of claim was filed with respect to such claim. Distributions will be deemed made as of the time they are deposited in the United States mail.

### 8.1.3 Implementation of Plan

The Plan will be implemented upon entry of an order confirming the Plan.

The Plan may be modified in the manner provided for under Section 1127 of the Code. The Debtor will give notice of any proposed modification to the United States Trustee and to any other parties designated by the Court. The Debtor reserves the right to make such modifications at any hearing on confirmation as may be necessary to facilitate confirmation of the Plan.

The Debtor's obligations under the Plan are contingent upon entry of an order confirming the Plan, and said order not being stayed, appealed, or otherwise challenged before the expiration of the applicable deadline; provided, however, that the Debtor may, in its sole discretion, choose to undertake and perform its obligations under the Plan notwithstanding the pendency of an appeal.

## 8.2  Reservation of Rights, Powers and Jurisdiction

### 8.2.1  Rights and Powers

Except as otherwise expressly provided in the Plan, the Debtor will retain, after confirmation of the Plan, full right and power to do any of the following:

(a) Object to the allowance of claims;

(b) Seek subordination of claims;

(c) Pursue any claims against third parties, including, but not limited to those based on theories of preference, fraudulent transfer, or any other action arising under Chapter 5 of the Bankruptcy Code;

(d) Pursue any claims and enforce any rights arising under the Bankruptcy Code in favor of a trustee or debtor-in-possession; and

(e) Pursue any causes of action that the Debtor may have as of the date on which an order confirming the Plan is entered. Any and all causes of action that the Debtor may have had prior to confirmation of the Plan will survive confirmation of the Plan, will vest in

the Debtor as of confirmation of the Plan, and will not be affected by confirmation or the passing of the Effective Date of the Plan, except as otherwise specifically provided in the Plan.

The Debtor may object to the allowance of claims within the time period provided for in the order confirming the plan, or as otherwise dictated by order of the Court. The Debtor's authority to object to the allowance of claims will not be affected in any way by the Debtor's failure to object to allowance of any claim for purposes of voting.

Debtor reserves the right to assign to any purchaser any executory contracts that are assumed. Upon such an assignment debtors shall have no further liability with respect thereto.

### 8.2.2 Court Approval

After confirmation of the Plan, the Debtor may, but will not required to, seek the Court's approval of any of the following:

(a) settlements regarding objections to claims;

(b) settlements regarding claims against third parties;

(c) settlements regarding allowance of fees and expenses incurred by professionals employed during the pendency of the Bankruptcy Case.

If the Debtor chooses to seek court approval of any such settlements, the Debtor will not be required to provide notice to creditors as would typically be provided during the chapter 11 case or to file and serve a motion for the approval of the settlement. Instead, the Debtor will be authorized to seek approval by filing a stipulation setting forth the material terms of the settlement, along with a proposed order providing for the approval of such stipulation.

### 8.2.3 Jurisdiction

Until the Plan has been fully consummated, the court will retain jurisdiction over, and the Debtor will retain standing and the right to pursue any cause of action, proceeding, or other request for

relief related to the following:

(a)     classification of the claims of creditors;

(b)     determination of the allowed amount of any claims arising before or during the pendency of the Bankruptcy Case;

(c)     subordination of the allowed claims of creditors;

(d)     determination of any counterclaims against any creditor, including any claim for turnover of property of the Debtor and any claim for offset of the value of the property against the claim of the creditor;

(e)     determination of the allowed amount of claims for damages from the rejection of executory contracts or unexpired leases;

(f)     determination of all issues and disputes regarding title to the assets of the estate and the Debtor;

(g)     determination of all causes of actions between the Debtor and any other party, including, but not limited to, any right of the Debtor to recover assets pursuant to the provisions of the Bankruptcy Code, and to avoid any preferential or fraudulent transfers;

(h)     correction of any defect, the curing of any omission or the reconciliation of any inconsistency of the Plan or the order confirming the Plan as may be necessary to carry out the purpose and intent of the Plan;

(i)     interpretation and enforcement of the terms of the Plan;

(j)     shortening or extending, for cause, any time fixed for doing any act or thing under the Plan;

(k)     entry of any order, including any injunction, necessary to enforce the title, rights, and powers of the Debtor;

(l)     entry of an order concluding and terminating the case; and

(m)    approval of any settlement related to any of the foregoing.

The Debtor's transfer or assignment of any interests or rights will not affect the Court's retention of jurisdiction to the full extent provided herein.

**8.3     Effects of Plan Confirmation**

**8.3.1   Binding Effect**

The Plan will be binding upon and inure to the benefit of the Debtor, all present and former holders of claims against, or interests in, the Debtor, and all respective successors and assigns.

**8.3.2   Discharge and Injunction**

TO THE FULL EXTENT PROVIDED FOR IN SECTION 1141 OF THE CODE, CONFIRMATION OF THIS PLAN CONSTITUTES A COMPLETE DISCHARGE, WAIVER, RELEASE, AND SATISFACTION OF ALL CLAIMS AGAINST AND INTERESTS IN THE DEBTOR EXCEPT AS PROVIDED IN THIS PLAN.  THE DISCHARGE WILL OPERATE TO RELEASE AND EXTINGUISH ANY PURPORTED LIENS, ENCUMBRANCES, OR SECURITY INTERESTS CLAIMED BY A CLAIMANT OR ANY OTHER ENTITY AGAINST PROPERTY OF THE DEBTOR, PROPERTY DEALT WITH BY THE PLAN, AND PROPERTY OF THE ESTATE, EXCEPT AS OTHERWISE SPECIFICALLY PROVIDED IN THE PLAN.  THE ORDER CONFIRMING THE PLAN IS A GENERAL ADJUDICATION AND RESOLUTION WITH PREJUDICE OF ALL PENDING LEGAL PROCEEDINGS AGAINST THE DEBTOR, PROPERTY OF THE DEBTOR, OR PROPERTY OF THE ESTATE, EXCEPT AS OTHERWISE PROVIDED IN THE PLAN.

THE DISCHARGE AND THE ORDER CONFIRMING THE PLAN OPERATE AS AN INJUNCTION TO THE EXTENT PROVIDED IN SECTION 524 OF THE BANKRUPTCY CODE.  ANY CREDITOR OR EQUITY HOLDER ENTITLED TO RECEIVE ANY DISTRIBUTION PURSUANT TO THIS PLAN WILL BE PRESUMED CONCLUSIVELY TO HAVE RELEASED THE DEBTOR FROM ANY CLAIM RELATED TO THAT WITH RESPECT TO WHICH THE DISTRIBUTION IS MADE.  THIS RELEASE WILL BE

ENFORCEABLE AS A MATTER OF CONTRACT AGAINST ANY CREDITOR OR EQUITY HOLDER THAT ACQUIRES ANY RIGHT TO DISTRIBUTION PURSUANT TO THIS PLAN.

UNLESS A TAXING AUTHORITY HAS ASSERTED A CLAIM AGAINST THE DEBTOR BEFORE THE DEADLINE FOR FILING CLAIMS, CONFIRMATION OF THE PLAN WILL OPERATE AS A DISCHARGE OF ANY CLAIM OR LIEN OF ANY TAXING AUTHORITY AGAINST THE DEBTOR, THE ESTATE, ANY PROPERTY OF THE DEBTOR, AND ANY PROPERTY OF THE ESTATE, FOR ANY TAXES, PENALTIES, OR INTEREST: (I) FOR ANY TAX YEAR FOR A PERIOD BEFORE THE FILING DATE; (II) ARISING OUT OF THE FAILURE OF THE DEBTOR TO FILE ANY TAX RETURN; OR (III) ARISING OUT OF AN AUDIT OF ANY TAX RETURN WITH RESPECT TO A PERIOD BEFORE THE FILING DATE.

### 8.3.3 Re-Vesting

Subject to the terms of the Plan, on the date that the order confirming the Plan is entered, the Debtor will be restored to full ownership of all property owned by the Debtor, all property of the estate, and all property dealt with by the Plan. The property so vested in the Debtor will be free and clear of all claims, liens, encumbrances, charges, and other interests of holders of claims or interests, except as otherwise provided in the Plan.

On and after the date on which the order confirming the Plan is entered, the Debtor may freely operate its business and may freely use, acquire, and dispose of property of the estate and property of the Debtor, except as otherwise provided in the Plan. Except as may otherwise be expressly provided for in the Plan or by order of the Court, the Debtor's operation of its business and use of property will not be subject to any restrictions imposed by operation of the Bankruptcy Code, the Bankruptcy Rules, or any prior Bankruptcy Court order entered during the bankruptcy case.

Dated: 8-3-09

Timothy Anderson and Charlene Lindberg

*[signature: Timothy Anderson]*

Dated: August 3, 2009

Hedback, Arendt Kohl & Carlson, PLLC
___/e/ John A. Hedback_____
John A. Hedback #142438
Attorneys for Debtors
2855 Anthony Lane S. Suite 201
St. Anthony, MN 55418
(612) 436-3280